**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK CAIN, individually and on behalf of all others similarly situated, | ) | |
| PLAINTIFF, | ) | Civil Action No. 17-cv-01456 |
| v. | ) | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., d/b/a FBCS SERVICES; JH PORTFOLIO DEBT EQUITIES, LLC; and JH CAPITAL (V.I.), INC; | ) | |
| DEFENDANTS. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Patrick Cain, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Defendants sent Plaintiff a collection letter falsely stating that they may be required to report Plaintiff's potential settlement to the IRS.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

6. Plaintiff, Patrick Cain ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Tribute Mastercard consumer account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Financial Business and Consumer Solutions, Inc., d/b/a FBCS Services ("FBCS"), is a Pennsylvania corporation with its principal place of business at 330 South Warminster Road, Hatboro, Pennsylvania 19040. It is authorized to do business in Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

8. FBCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. FBCS holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. FBCS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

11. Defendant, JH Portolio Debt Equities, LLC, is a California LLC, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephones to collect, or attempt to collect, delinquent consumer debts. It is authorized to do business in Illinois. Its registered agent is CT Corporation System, located at 208 S. LaSalle Street, Street, Suite 814, Chicago, Illinois, 60604. (Exhibit C, Record from Illinois Secretary of State).

12. Defendant, JH Capital (V.I.), Inc., is a Virgin Islands Corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephones to collect, or attempt to collect, delinquent consumer debts. It is authorized to do business in Illinois. Its registered agent is CT Corporation System, located at 208 S. LaSalle Street, Street, Suite 814, Chicago, Illinois, 60604. (Exhibit D, Record from Illinois Secretary of State).

13. Defendants JH Capital and JH Portfolio Debt Equities (collectively, "JH Capital") operate a nationwide delinquent debt collection business, and attempt to collect debts from consumers in the State of Illinois.

14. Defendants hold collection agency licenses from the State of Illinois. (Exhibit E, Records from the Illinois Department of Financial and Professional Regulation).

15. JH Capital regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

16. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Tribute Mastercard consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

17. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

18. JH Capital subsequently purchased the alleged debt, and assigned it to FBCS for collection.

19. On or about January 18, 2017, Defendants mailed Plaintiff a collection letter ("Letter"). (Exhibit F, Collection Letter).

20. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

21. The Letter was a thus a communication as that term is defined at §1692a(2) of the FDCPA.

22. The Letter offered Plaintiff a settlement of $404.28 on the alleged debt of $1,010.71, which would result in the cancellation of the remaining $606.43.

23. The Letter further states, in relevant part:

> **If, as a result of this settlement, the amount forgiven or cancelled on this debt equals or exceeds $600, the IRS may require the creditor to report the amount forgiven or cancelled on a Form 1099-C.**

24. Defendants are not required to report the amount forgiven on a 1099-C.

25. In fact, Defendants is not permitted to file a form 1099-C for cancellation of many types of debt, including a portion of that of Plaintiff's.

26. Treasury Regulation 1.6050P requires that an applicable entity report a cancellation or discharge of indebtedness in excess of $600 if, *and only if*, there has occurred an

"identifiable event" described in paragraph (b)(2) of that section. 26 C.F.R. § 1.6050P-1(b)(2)(F).

27. There are numerous exceptions to the reporting requirement, including interest, fees and other non-principal amounts:

> **(d) Exceptions from reporting requirement**
>
> **(2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.**
>
> **(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).**

(26 C.F.R. § 1.6050P-1(b)(2)(F)) (emphasis added).

*28.* Defendant's failure to note the applicable exceptions is deceptive, and states a claim under the FDCPA. *Carlvin v. Ditech Fin. LLC,* No. 16-CV-08386, 2017 WL 635151, at *4 (N.D. Ill. Feb. 16, 2017).

29. In the Letter, Defendants break down the balance of Plaintiff's alleged debt as follows:

> **Principal Balance: $1,010.71**
> **Interest Balance: $0.00**

30. Defendant's statement that 100% of the alleged debt consists of principal balance is a false statement.

31. Much of the balance of the alleged Tribute Mastercard consists of interest and other non-principal amounts, such as late fees, that are not reportable to the IRS even if forgiven.

32. The settlement offered by Defendants would not have resulted in enough debt cancellation that IRS reporting would be required.

33. In fact, there was no set of circumstances under which the IRS could be involved in the proposed settlement, as Defendant was not offering cancellation of $600 or more in principal, despite their false claim that 100% of the alleged debt consisted of principal.

34. Defendants made this false statement to coerce Plaintiff into paying the full amount owed on the alleged debt to avoid being reported to the IRS.

35. There is no reason for Defendants to inject the IRS into the collection process except to falsely convey to the unsophisticated consumer that he could be reported to the IRS if he does not pay in full.

36. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

37. Defendants made a materially false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) when they stated the IRS may require them to report the amount forgiven to the IRS.

38. Defendants threatened to take an action they could not legally take when they told Plaintiff that they would report any debt forgiven in excess of $600 to the IRS, in violation of 15 U.S.C. §§ 1692e and 1692e(5) .

39. Defendant's statement falsely raises the specter of the IRS should a consumer fail to pay the alleged debt in full, where in reality, there are many circumstances where there would be no IRS involvement.

40. The Letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099-C Form may be reported to the IRS.

41. Defendants could have avoided any problems by simply not referencing the IRS in its collection letter, especially since there are no set of circumstances under which the IRS could become involved in the potential settlement offered by Defendants.

42. The unsophisticated consumer may feel pressured by the statement Defendant made in its Letter into paying more of the alleged debt to avoid an IRS audit. *Bautz v. ARS Nat'l Servs., Inc.*, No. 16CV768JFBSIL, 2016 WL 7422301, at *9 (E.D.N.Y. Dec. 23, 2016) (analyzing the statement "Department Stores National Bank will report forgiveness of debt as required by IRS regulations").

43. Such a statement is a false statement. *Medina v. Allianceone Receivables Mgmt.*, Inc., No. CV 16-4664, 2017 WL 220328, at *1 (E.D. Pa. Jan. 19, 2017) (analyzing the same statement).

44. The statement's invocation of the IRS is deceptive and misleading. *Good v. Nationwide Credit, Inc.*, No. CIV.A. 14-4295, 2014 WL 5422103, at *5 (E.D. Pa. Oct. 24, 2014).

45. On information and belief, Defendants do not report any debt cancellation to the IRS.

46. Even if Defendants were permitted to report any debt cancellation to the IRS, they did not intend to do so when they made the threat.

47. On information and belief, Defendants have never submitted a 1099-C to the IRS.

48. The FDCPA prohibits the use of empty threats to collect a debt.

49. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken <u>or that is not intended to be taken. . .</u>**

(emphasis added)

50. Defendants threatened to take an action they did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5) when they stated that they will report forgiveness of any cancelled amounts in excess of $600 to the IRS.

51. Conditional language (i.e. "IRS *may* require"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F. 3d 1055 (9th Cir. 2011) (cited by *Lox v. CDA, Ltd.*, 689 F. 3d 818 (7th Cir. 2012)).

52. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, Defendants' misrepresentation that the IRS would become involved if he paid less than the full amount of the debt owed could cause Plaintiff to feel that he was required to pay more of the alleged debt than Defendants were offering in settlement to avoid IRS involvement.

53. Defendants' false IRS statements are made to support a two-tiered collection effort. The first tier is aimed at lower income consumers, to instill fear by including references to the IRS and the federal government in hopes that they will pay at least the settlement amount, to

reduce the impact of any government reporting. The second tier is aimed at consumers who have gotten back on their feet, and will be afraid of being reported to the IRS for paying the lower settlement amount, and thus will pay the higher (full) amount of the alleged debt.

54. JH Capital bears the burden of monitoring the activities of anyone it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016).

55. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**CLASS ALLEGATIONS**

56. Plaintiff, Michael Cain, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt using a letter substantially similar to that of Exhibit F.

57. Plaintiff defines the class, subject to amendment, as (1) all individuals with addresses in the state of Illinois (2) from whom Defendants attempted to collect a consumer debt using a letter substantially similar to that of Exhibit F, (3) which states that the IRS may require the creditor to report the amount forgiven or cancelled on a Form 1099-C (4) sent one year prior to the filing of this Complaint up to the date of this Complaint.

58. Defendants regularly engage in debt collection, including attempting to collect debt via the mails, in their regular course of business.

59. As the letter was a form letter, the Class likely consists of more than 35 persons from whom Defendants attempted to collect a debt using the Form Letter attached as Exhibit F.

60. Plaintiff Cain's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

61. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

62. Plaintiff Cain will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Cain has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

63. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

64. Defendants made a materially false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) when they stated the IRS may require them to report forgiveness of an alleged debt to the IRS.

65. Defendants threatened to take an action they did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5) when they stated that they may report forgiveness of any debt cancelled in excess of $600 to the IRS.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in favor of Plaintiff and class members, and against Defendants as follows:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com